# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DOHERTY & ASSOCIATES, INC., a )
Delaware corporation, )
     )
     )
        Plaintiff, )
     )
     )
        v. )    C.A. No. N12C-12-145 FWW
     )
PEOPLE FIRST INSURANCE, INC., a )
Delaware corporation, T & D INSURANCE, )
INC., a Delaware corporation, THOMAS )
WISELEY INSURANCE, INC., a )
Pennsylvania foreign corporation, and )
THOMAS WISELEY, )
     )
        Defendants. )

Submitted: January 16, 2018
Decided: March 22, 2018

Upon Defendant People First Insurance, Inc.'s Motion to Vacate Default Judgment
and Allow the Filing of an Answer,
**DENIED.**

Upon Defendant T & D Insurance, Inc.'s Motion to Vacate Default Judgment and
Allow the Filing of an Answer,
**DENIED.**

Upon Defendant Thomas E. Wiseley Insurance, Inc.'s Motion to Vacate Default
Judgment and Allow the Filing of an Answer,
**DENIED.**

Upon Defendant Thomas Wiseley's Motion to Vacate Default Judgment as to
Thomas Wiseley and Allow the Filing of an Answer,
**DENIED.**

## ORDER

Brian J. Ferry, Esquire, Ferry Joseph, P.A., 824 N. Market street, Suite 1000, Wilmington, Delaware 19801, attorney for Plaintiff Doherty & Associates, Inc.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall, LLP, 1523 Concord Pike, Suite 200, Brandywine Plaza East, Wilmington, Delaware 19803, attorney for Defendants People First Insurance, Inc., T & D Insurance, Inc., Thomas Wiseley Insurance, Inc., and Thomas Wiseley.

**WHARTON, J.**

This 22nd day of March, 2018, upon consideration of each Defendant's Motion to Vacate Default Judgment and Allow the Filing of an Answer, Plaintiff Doherty & Associates, Inc.'s answers to the motions, the Defendants' replies, the evidence elicited at an evidentiary hearing, the arguments of counsel and the record in this case, it appears to the Court that:

1.      On February 9, 2015, Plaintiff Doherty & Associates, Inc. ("Doherty") obtained default judgments against each defendant at the direction of its then attorney, John V. Work, Esquire.[1] The complaint upon which the default judgments were entered was filed on December 17, 2012.[2] It alleges that each corporate defendant breached a contract it had with Doherty for bookkeeping and accounting services by failing to pay invoices when due.[3] It further alleges that Defendant Thomas Wiseley ("Mr. Wiseley") breached his contractual obligations to Doherty by failing to pay the amounts due under the corporate contracts, which he had personally guaranteed to pay.[4] Prior to the entry of the default judgments, Dougherty had sought and received three extensions of time to serve the defendants.[5]

2.      On February 15, 2017, Doherty, represented by new (and present) counsel, sought to attach Mr. Wiseley's wages from Defendant People First

---

[1] D.I. 24-27.
[2] D.I. 1.
[3] *Id.*
[4] *Id.*
[5] D.I. 7, 13, 16.

Insurance, Inc. ("People First.")[6] A writ was issued on July 13, 2017[7] and a levy served on People First on July18th.[8] The issuance of the wage attachment levy apparently generated the motions to vacate the default judgments. Those motions were filed on August 2, 2017.[9] The parties stipulated to staying execution of all judgments pending resolution of the motions to vacate.[10]

3. The Defendants bring their motions under Superior Court Civil Rule 60(b).[11] As a general proposition, the party seeking relief under Rule 60 must establish that: 1) it acted in a reasonably prudent fashion; 2) there is the possibility of a meritorious defense; and 3) there is a lack of substantial prejudice to the non-moving party.[12] In addressing motions under Rule 60(b), the Court must consider whether a moving defendant acted in a reasonably prudent fashion, in other words whether there is excusable neglect, first.[13] The Court will only consider whether there is the possibility of a meritorious defense and whether a plaintiff would suffer substantial prejudice if a moving defendant acted in a reasonably prudent fashion.[14]

---

[6] D.I. 32.

[7] D.I. 38.

[8] D.I. 39.

[9] D.I. 40-43.

[10] D.I. 52.

[11] D.I. 66.

[12] *PNC Bank v. Sills*, 2006 WL 3587247 (Del. Super. Ct. Nov. 30, 2006) at *5.

[13] *Perry v. Wilson,* 2009 WL 1964787 at *1 (Del. Super. Ct. Jul. 8, 2009).

[14] *Id.*

Further, it is a defendant's burden to prove that it acted in a reasonably prudent fashion.[15]

4.      The motions of People First,[16] T & D Insurance, Inc.[17] ("T&D"), Thomas Wiseley Insurance, Inc.[18] ("TWI"), and Mr. Wiseley[19] raise identical arguments of excusable neglect, although with some variation in the factual underpinnings supporting each defendant's motion. Each motion questions the history of the extensions of time obtained by Doherty within which to effect service and each motion purports to explain why such extensions were unnecessary and how each defendant easily could have been served with the complaint. However, the motions of the corporate defendants also acknowledge that "the method of service upon [the defendants] may not be technically incorrect."[20] Each motion, asserts a statute of limitation defense as well as a suggestion that any debt owed to Doherty may have been paid. No argument was made in any motion regarding substantial prejudice to Doherty.

5.      The Court held an evidentiary hearing on January 16, 2018. At that hearing, the parties offered the witness testimony of Mr. Work, Mr. Wiseley and his

---

[15] *Id.*
[16] D.I. 43.
[17] D.I. 42.
[18] D.I. 41.
[19] D.I. 40.
[20] D.I. 41-43 at ¶ 19.

wife Debra Wiseley ("Mrs. Wiseley".) The bulk of the testimony at the hearing focused on whether Mr. Wiseley had been served with the complaint pursuant to 10 *Del. C.* § 3104, Delaware's Long-arm Statute.

6. Relevant to the motions are § 3104 (d)(3) which addresses methods of service, and § 3104(e) which addresses proof of service. Section 3104(d)(3) authorizes service "By any form of mail addressed to the person to be served and requiring a signed receipt." Section 3104(e) provides: "When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." It is undisputed here that no signed receipt was obtained by Doherty in its attempts to serve Mr. Wiseley at his home by mail. Nonetheless, Doherty claims that Mr. Wisely had actual knowledge of the lawsuit and did, in fact, receive service of the complaint.

7. In *Maldanado v. Matthews,* the court addressed the question of what constituted evidence of service by mail "satisfactory to the court."[21] The *Maldanado* court reviewed the history and purpose of § 3104 and determined that, in the absence of a signed receipt, evidence of a voicemail message from the defendant acknowledging receipt of service was evidence satisfactory to the court sufficient to

---

[21] 2010 WL 663723 at *3 (Del. Super. Ct. Feb. 23, 2010)

defeat a motion to dismiss based on ineffective service under § 3104.[22] In other words, evidence that the defendant in fact received service of the complaint could be sufficient to overcome a failure to obtain a signed receipt for a mailed complaint. The Court agrees with this interpretation of § 3104 and reviews the evidence presented at the evidentiary hearing in light of *Maldanado*.

8. Mr. Work testified that he is a solo practitioner and employs no office staff in his practice. On July, 9, 2014, he sent a copy of the complaint by FedEx addressed to Mr. Wiseley at his home address in Glen Mills, Pennsylvania.[23] Mr. Work accepts responsibility for the fact that two delivery signature options were checked by mistake – "No Signature Required" and "Direct Signature."[24] The FedEx delivery receipt reads on July 11, 2014 at 9:55 a.m.: "Delivered. Left at front door. Package delivered to recipient address – release authorized."[25] No signature was obtained.[26] Mr. Work further testified that on September 2, 2014, Mr. Wiseley called him and said that he had received the complaint, that he had documents to prove that he did not owe the money that the complaint alleged he owed, and that he would send Mr. Work the documents. Mr. Work testified that he never received any

---

[22] *Id.* at *3-5.
[23] There is no dispute that the address on the FedEx address label correctly lists Mr. Wiseley's home address.
[24] Hrg., Jan. 16, 2018, Pltf.'s Ex 1.
[25] *Id.*
[26] *Id.*

such documents from Mr. Wiseley. Mr. Work identified a five minute telephone call listed on his office telephone records from telephone number XXX-XXX-2656 as the call he received from Mr. Wiseley.[27]

9. Both Wiseleys testified. Mrs. Wiseley testified mostly about the various corporate entities, their places of business, registered agents, and Mr. Wiseley's positions with respect to them. She was somewhat imprecise regarding Mr. Wiseley's positions with the corporations as well as their registered agents. She was clear, however, that the Wiseley's did not receive a copy of the complaint at any of their companies or at home. Mr. Wiseley covered much of the same ground as his wife, but added his version of the context of the telephone call about which Mr. Work testified. In Mr. Wiseley's telling, he had received calls from different people concerning the money Doherty it claimed was owed. He told each of the callers the same thing – the matter had been handled already. He did not have a particular memory of speaking to Mr. Work, but he did recall making a telephone call to someone around that time (September 2, 2014) from his cell phone, which was the same number – XXX-XXX-2656 – that Mr. Work identified. Importantly, though, Mr. Wiseley said that this call was in response to a message he had received, possibly from Mr. Work. Mr. Wiseley also denied ever receiving a copy of the complaint.

10. All three witnesses submitted affidavits in connection with the parties'

---

[27] Hrg., Jan. 16, 2018, Pltf.'s Ex. 2.

8

respective filings. Both of the Wiseleys' affidavits were attached to each defendant's motion. Mrs. Wiseley's affidavit states that she is the registered agent for T&D, resided at 5 Minshall Circle, Glen Mills, Pennsylvania at all relevant times, received no documents related to this action at any time, and was unaware of this litigation until around the time People First was served with a wage attachment.[28] Mr. Wiseley states in his affidavit that he is an "authorized representative" of People First, T&D, and TWI.[29] He further states that an address in Lansdowne, Pennsylvania that Doherty claimed was listed with the Pennsylvania Secretary of State as TWI's registered address was his late mother's home address.[30] He denied receiving any materials related to this litigation, including the complaint and notices of default judgment, at any address or through his former attorney, and only became aware of this matter around the time the wage attachment was filed against him with People First.[31] Finally, the only other activity he recalled regarding the matter after October 24, 2011,[32] was receiving a "communication" from someone he believed was a debt collector, whom he did not believe was an attorney.[33] He "might" have

---

[28] D.I. 40-43 at Ex. I.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] October 24, 2011 is the date when Michael Arrington, Esquire, acting for Mr. Wiseley and the corporate entities, responded to a demand letter from Doherty's initial attorneys, Ciconte, Wasserman & Scerba, LLC., D.I. 40-43 at EXs. A, B.
[33] D.I. 40-43.

forwarded a letter from his previous attorney, Michael Arrington, Esquire to that person, who never responded.[34] Mr. Wiseley did not believe that the communication involved a lawsuit.[35]

11. Mr. Work's affidavit is attached to Doherty's answer to each of the motions.[36] In it he detailed his efforts to serve each of the defendants. With respect to People First and T&D, he said that Mr. Wiseley was listed as the registered agent for each company, but since he did not live in Delaware contrary to Delaware's requirement for registered agents, he could not be served as the registered agent in Delaware.[37] Further, the registered address for each company was not the company's actual business address, resulting in multiple unsuccessful attempts at service by the Sheriff.[38] According to the Delaware Secretary of State, TWI is not a registered Delaware corporation.[39] Nonetheless, it is listed with the Pennsylvania Secretary of State as a foreign corporation from Delaware with Thomas Wiseley serving as an officer and a business address in Delaware.[40] It also had as its registered address the address in Lansdowne, Pennsylvania that Mr. Wiseley

---

[34] *Id.*
[35] *Id.*
[36] D.I. 53-56 at Ex. A.
[37] *Id.*
[38] *Id.*
[39] *Id.*
[40] *Id.*

identified as his later mother's address.[41] For those reasons service was made on the three corporations through the Delaware Secretary of State pursuant to 8 *Del. C.* § 321(b).[42] Mr. Work stated he was certain the Mr. Wiseley received service of the complaint because Mr. Wiseley would not have called him unless he had received and reviewed the complaint since Mr. Wiseley would not have had his name and telephone number otherwise.[43] Finally, he stated that he also sent Mr. Wiseley the Direction for Entry of Default Judgment at his home address on February 9, 2015, which was not returned as undeliverable.[44]

12.     The Court first turns to the question of whether the evidence presented at the hearing together with the affidavits constitute evidence "satisfactory to the court" of service by mail. It does. In answering this question, the Court is mindful that, because of the posture of the case – defense motions to vacate default judgments under Rule 60(b) – the burden is on the defendants to show that they acted in a reasonably prudent fashion, in other words, that any neglect was excusable.[45] Nevertheless, even if the burden were reversed, the Court's holding would remain the same.

13.     The starting point of the Court's analysis is the FedEx package

---

[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Perry* at *1.

11

containing the complaint and the FedEx delivery statement. On a certainty of delivery scale, the Court finds that the FedEx delivery falls somewhere between the experience based, common sense presumption of delivery to which ordinary mail is entitled and the certainty that a signed receipt provides. The Court accepts the logic of Mr. Work's argument that Mr. Wiseley would not have known to call him if he had not received the complaint. Mr. Work was not Doherty's attorney when this dispute arose and, but for Mr. Work's representation of Doherty in this case, there is no evidence in the record that Mr. Wiseley even knew Mr. Work existed. Further, it strains logic to believe that the September 2nd telephone call from Mr. Wiseley to Mr. Work, which both parties agree occurred and is confirmed by Mr. Work's telephone records, did not include a discussion of the complaint. The complaint initiating this lawsuit undoubtedly would have been the single most significant topic of conversation between the two men. It is inconceivable to the Court that it was not discussed. Thus, the Court finds Mr. Wiseley's testimony that when he called Mr. Work he was returning a call from some unknown person, did not know if he was talking to Mr. Work or not, and did not discuss the complaint with whomever he called not credible. Additionally, the Court notes that, although Mr. Work's telephone records cover only the period from August 23, 2014 to September 22, 2014, no attempt was made to have Mr. Wiseley identify any call from Mr. Work's business telephone to any Wiseley associated telephone number from those

12

records.[46] Certainly, the records do not show any call from Mr. Work to the XXX-XXX-2656 number.[47] There is simply no evidence that Mr. Work called Mr. Wiseley first. Accordingly, the Courts finds that there is evidence "satisfactory to the court" that Mr. Wiseley did receive personal delivery of the complaint.

14. The Court, having found that Mr. Wiseley received personal delivery of the complaint, further finds that in doing nothing in response to the complaint he did not act with reasonable diligence. His conduct was not that of a reasonably prudent person under the circumstances so as to excuse his neglect. For that reason, the Court does not address whether there is an arguably meritorious defense and whether Doherty would suffer substantial prejudice by granting the motions.[48]

15. With respect to the corporate defendants, the Court finds that they were properly served under the law and that the Wiseleys failure to maintaining current, legally qualified registered agents and/or properly registered addresses for their companies does not constitute excusable neglect. The Court finds this neglect particularly inexcusable in light of Mr. Wiseley's role with the various companies.

---

[46] Hrg., Jan. 16, 2018 at Pltf.'s Ex. 1.
[47] *Id.*
[48] *Perry* at *1.

13

**THEREFORE,** the Motions of People First Insurance, Inc., T & D Insurance, Inc., Thomas Wiseley Insurance, Inc., and Thomas Wiseley to Vacate Default Judgment and Allow the Filing of an Answer each are **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.